# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------X
                    )

**RAYMOND VINCE ELLIS, SR.,**     )

       **Plaintiff,**            )

        **v.**               )     **Case No.: 1:12-cv-01102-EGS**

**CAPITAL SOURCE BANK FBO**     )
**AEON FINANCIAL, LLC, et al.,**     )

      **Defendants.**        )
-------------------------------------------------------X

## DEFENDANTS WIPER CORPORATION'S AND VIVEK GUPTA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Wiper Corporation ("Wiper") and Vivek Gupta ("Gupta") (collectively referred to as "defendants"), by counsel and pursuant to Rules 12(b)(6), hereby move to dismiss all claims and Counts asserted against them in plaintiff Raymond Vince Ellis, Sr.'s ("plaintiff") Complaint.

As support for this motion, defendants respectfully refer this Court to the attached Memorandum of Points and Authorities.

WHEREFORE, defendants respectfully request that this Court grant their Motion To Dismiss Plaintiff's Complaint. A proposed Order is attached.



EXHIBIT

1

Respectfully submitted,

TOBIN, O'CONNOR & EWING

By:   /s/ Ziad Haddad
      Ziad Haddad, Esq., D.C. Bar #469470
      5335 Wisconsin Avenue, N.W., Suite 700
      Washington, D.C.  20015
      Tel:   (202) 362-5900
      Fax:  (202) 362-6579
      zphaddad@tobinoconnor.com
      *Counsel for Defendants Wiper Corporation and
      Vivek Gupta*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
----------------------------------------------------X
                                                    )
RAYMOND VINCE ELLIS, SR.,                           )
                                                    )
              Plaintiff,                            )
                                                    )
       v.                                           )        Case No.: 1:12-cv-01102-EGS
                                                    )
CAPITAL SOURCE BANK FBO                             )
AEON FINANCIAL, LLC, et al.,                        )
                                                    )
              Defendants.                           )
----------------------------------------------------X
```

## MEMORANDUM IN SUPPORT OF DEFENDANTS WIPER CORPORATION'S AND VIVEK GUPTA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Wiper Corporation ("Wiper") and Vivek Gupta ("Gupta") (collectively referred to as "defendants"), by counsel and pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, hereby move to dismiss all claims and Counts asserted against them in plaintiff Raymond Vince Ellis, Sr.'s ("plaintiff") Complaint.

## I.     STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) "tests the legal sufficiency of a complaint." Medina v. District of Columbia, 517 F. Supp.2d 272, 277 (D.D.C. 2007) (citing Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002)). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court "'must accept as true all of the factual allegations contained in the complaint.'" Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008). The court also "should 'grant plaintiffs the benefit of all inferences that can be derived from the facts alleged.'" Id. (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

The Court, however, need not "accept inferences drawn by plaintiffs if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiffs' legal conclusions." Id. (citing Kowal at 1276; Browning at 242). Indeed, although it is not necessary for a plaintiff to make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, in order "to provide the 'grounds' of 'entitle[ment] to relief,' a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Id. (quoting Twombly at 1964-65; citing Papsan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).

## II.   ARGUMENT

In his Complaint, plaintiff fails to state any claim against defendants.  Plaintiff alleges that Wiper filed a complaint against him in 2009, and that service of the summons and complaint was improper because they were "throw on the porch." See Complaint at ¶¶ 1, 2, 4, 50.  Plaintiff alleges that he nonetheless filed an answer and counterclaim (presumably against Wiper), but that Wiper failed to timely respond to the counterclaim and that a judgment by default was entered (again, presumably against Wiper). Id. at ¶¶ 3, 5, 6, 51.  Plaintiff further avers that the District of Columbia Superior Court thereafter improperly granted Wiper an extension of time to file its answer to the counterclaims. Id. at 10, 11, 18, 19, 21, 51 and 55.  Plaintiff concludes that defendants conspired with the District of Columbia Office of Tax and Revenue and Magistrate Judge Joseph Beshouri to defraud plaintiff by failing to "place name on it 'Certificate of Sale,'" and that defendants committed mail fraud by "'mailing out this document 'Certificate of Sale.'" Id. at ¶ 22.  Plaintiff further concludes that defendants committed perjury by claiming that plaintiff was personally served, and that Gupta committed perjury by falsely claiming that plaintiff's counterclaim was mailed to the wrong address. Id. at ¶¶ 50, 55-59. Based on these

2

allegations, Plaintiff seeks a judgment against Wiper and Gupta for $50 million each. See Complaint at ¶ 24.

## A.   There Is No Private Cause of Action Under the Federal Mail Fraud Statutes or for Perjury

Plaintiff's claims for mail fraud and perjury must be dismissed or the simple reason that there is no private cause of action under the Federal Mail Fraud Statute or for perjury. See Ivey v. Nat'l Treasury Employees Union, 2007 U.S. Dist. LEXIS 21794 (D. D.C. Mar. 27, 2007) (dismissing civil claim under 18 U.S.C. § 1341 because "[t]here is no private right of action to enforce provisions of criminal law, and only a federal prosecutor may determine whether to pursue a criminal action"); see also, Bell v. Health-Mor, Inc., 549 F.2d 342, 346 (5th Cir. 1977) (no private cause of action under Federal Mail Fraud statutes); Ryan v. Ohio Edison Co., 611 F.2d 1170, 1179 (6th Cir. 1979) (same); Fuller v. Unknown Officials, 387 Fed. Appx. 3, 2010 U.S. App. LEXIS 15188 at *4 (D.C. Cir. 2010) ("[T]here is no private cause of action for perjury") (citing 18 U.S.C. § 1621); Ivey v. Dep't of Treasury, 285 Fed. Appx. 763, 2008 U.S. App. LEXIS 15258 at *1 (D.C. Cir. 2008) (same).

## B.   Plaintiff Has Not Properly Plead a Cause of Action for Fraud

Moreover, to the extent plaintiff is seeking to assert a cause of action for common law fraud against defendants, any such claim should be dismissed for failure to allege sufficient facts with particularity. To plead common law fraud in the District of Columbia, a plaintiff must state "with particularity," Fed. R. Civ. P. 9(b), that "the defendant, with the intent to induce reliance, knowingly misrepresented or omitted a material fact upon which the plaintiff reasonably relied to his detriment." Media Gen. Inc. v. Tomlin, 532 F.3d 854, 858 (D.C. Cir. 2008).; see also, Firestone v. Firestone, 76 F.3d 1205, 1211, 316 U.S. App. D.C. 152 (D.C. Cir. 1996) (stating that "[p]arties pleading fraudulent concealment must plead with particularity the facts giving rise to

3

the fraudulent concealment claim and must establish that they used due diligence in trying to uncover the facts") (internal quotation omitted). The complaint must plead with particularity matters such as the time, location and content of the false misrepresentations, the misrepresented fact and what was gained or lost as a result of the fraud. See United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citing Kowal v. MCI Communications Corp., 16 F.3d 1271, 1278 (D.C. Cir. 1994)). Requiring a plaintiff to plead fraud with particularity "discourage[s] the initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude." Id. (quoting United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1386 (D.C. Cir. 1981)).

Here, plaintiff merely alleges that defendants falsely claimed that plaintiff was personally served, and that Gupta misrepresented that plaintiff's counterclaim was mailed to the wrong address. Plaintiff does not allege that these representations were made to him, that they were made with the intent that he rely on them, or that he relied on any of defendants' representations to his detriment. Rather, the complaint suggests that these representations were made to the court (not to plaintiff) and that plaintiff believed them to be false when made. Therefore, plaintiff has not properly stated a claim for fraud.

Likewise, plaintiff's unsupported conclusion that defendants conspired with the District of Columbia Office of Tax and Revenue and Magistrate Judge Joseph Beshouri to defraud plaintiff by failing to place his name on the Certificate of Sale cannot survive. As an initial matter, all tax sale certificates are issued by the District of Columbia, and defendants are in no way involved in their creation or issuance. See D.C. Code §47-1348. Even so, plaintiff still fails to allege facts to establish that he in any way relied to his detriment on the tax sale certificate.

4

**C.     Plaintiff's Complaint Fails To State any Other Cognizable Cause of Action Against Defendants**

Nor do plaintiff's allegations state any other cognizable cause of action against defendants. Even if true, defendants' failure to properly serve plaintiff in the tax sale case and their delay in responding to his counterclaim do not give rise to any claims by plaintiff. Accordingly, defendants should be dismissed from this lawsuit.

**III.     CONCLUSION**

For all the foregoing reasons, defendants respectfully request that their Motion To Dismiss Plaintiff's Complaint be granted.

Respectfully submitted,

TOBIN, O'CONNOR & EWING

By:     /s/ Ziad Haddad
Ziad Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C.  20015
Tel:  (202) 362-5900
Fax: (202) 362-6579
zphaddad@tobinoconnor.com
*Counsel for Defendants Wiper Corporation and Vivek Gupta*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------X
                                                           )
RAYMOND VINCE ELLIS, SR.,                                  )
                                                           )
            Plaintiff,                                     )
                                                           )
      v.                                                   )      Case No.: 1:12-cv-01102-EGS
                                                           )
CAPITAL SOURCE BANK FBO                                    )
AEON FINANCIAL, LLC, et al.,                               )
                                                           )
            Defendants.                                    )
-----------------------------------------------------------X
```

## ORDER

        Upon consideration of Defendants Wiper Corporation's and Vivek Gupta's Motion To Dismiss Plaintiff's Complaint ("Motion To Dismiss"), and any opposition thereto, it is this _____ day of _____, 2012, hereby

        ORDERED, that said Motion To Dismiss be, and the same hereby is, GRANTED; and it is further

        ORDERED, that any and all claims asserted against defendants Wiper Corporation and Vivek Gupta in Plaintiff's Complaint be, and the same hereby are, DISMISSED.


_____
Judge Emmet G. Sullivan
United States District Court Judge

<u>Copies to</u>:

Raymond Vince Ellis, Sr.
3210 Ely Place, S.E.
Washington, D.C. 20019

Capital Source Bank FBO
AEON Financial, LLC
27 North Wacker Drive
Suite 503
Chicago, Illinois 60606

Shana L. Frost, Esq.
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

Jamerson Davis
Office of Tax and Revenue
941 North Capitol Street, N.W.
P.O. Box 98095
Washington, D.C. 20002

Vladimir Jadrijevic
Chief, Assessment Service
Real Property Tax
1104 - 4th Street, S.W.
Washington, D.C. 20024

Ziad Haddad, Esq.
Tobin, O'Connor & Ewing
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C. 20015

2