```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

|                                        |   |                                   |
|----------------------------------------|---|-----------------------------------|
| RAYMOND V. ELLIS, SR.                  | ) |                                   |
|                                        | ) |                                   |
|             Plaintiff,                 | ) |                                   |
|                                        | ) | Civil Action No. 12-1102(EGS)     |
|         v.                             | ) |                                   |
|                                        | ) |                                   |
| CAPITALSOURCE BANK FBO AEON            | ) |                                   |
| FINANCIAL, LLC, et al.,                | ) |                                   |
|                                        | ) |                                   |
|             Defendants.                | ) |                                   |

## MEMORANDUM OPINION

Plaintiff Raymond V. Ellis, proceeding *pro se*, brings this action seeking damages for various causes of action. Defendants have filed five motions to dismiss. Upon consideration of the motion, the entire record herein, and for the reasons explained below, the motion to dismiss will be **GRANTED**.

I. BACKGROUND

Plaintiff brings this action on behalf of himself and a purported trust alleging violations of various federal laws and seeks damages of $900 Million dollars. In the complaint, plaintiff makes broad and vague allegations of wrongdoing by various government officials that appear to relate to a tax case in which plaintiff was involved in Superior Court. From what the Court has been able to determine from reading other documents filed in this case, it appears that plaintiff's claims relate to a tax foreclosure proceeding brought against

plaintiff's property in the District of Columbia pursuant to D.C. Code § 47-1330.  *See, e.g.*, Defendant CapitalSource Bank and Malik J. Tuma's Motion to Dismiss, ECF No. 14, at 1. Plaintiff alleges that in that case, the Judges were biased against him and sought to harm him.  Plaintiff alleges that the "tax court [is] nothing more than a program of terrorism or a party, or a group of Hoodlums, using the law to fulfill its legal action."  Compl. ¶ 14.  He alleges, for example, that Magistrate Judge Joseph Beshouri was prejudiced against plaintiff because of plaintiff's race.  *Id*. ¶ 12.  Plaintiff also lodges various allegations of wrongdoing against the attorneys and corporations involved in that prior action.

On July 25, 2012, defendants Stephen Harker and HMTR1, LLC ("HMTR1") moved to dismiss.  ECF No. 2.  On July 26, 2012, the Court issued a so-called Fox/Neal Order informing plaintiff of his obligation to respond to the motion to dismiss and directing plaintiff to respond by no later than August 31, 2012.  On July 27, 2012, a second motion to dismiss was filed by Magistrate Judge Joseph Beshouri, Judge Stephanie Duncan-Peters, Judge Melvin R. Wright, the Mayor of the District of Columbia, and the Office of the Attorney General for the District of Columbia. ECF No. 5.  The Court incorporated its Fox/Neal Order by reference and directed plaintiff to respond to the July 27, 2012 motion by August 31, 2012.  On August 27, 2012, defendants Vivek

V. Gupta and Wiper Corporation moved for leave to file a motion to dismiss, which the Court granted.  ECF Nos. 7, 9.  The Court incorporated its original Fox/Neal Order by reference and directed plaintiff to respond to the third motion to dismiss by no later than September 28, 2012.  On August 30, 2012, defendant Vladimir Jadrijevic filed a motion to dismiss for insufficient service of process.  ECF No. 10.  The Court incorporated its original Fox/Neal Order and directed plaintiff to respond to the fourth motion to dismiss by no later than October 1, 2012.  On August 31, 2012, defendants CapitalSource Bank FBO Aeon Financial, LLC ("CapitalSource Bank") and Malik J. Tuma filed a motion for extension of time to respond to the complaint, which the Court granted.  On September 4, 2012, defendants CapitalSource Bank and Malik J. Tuma filed a motion to dismiss.  ECF No. 14.  The Court incorporated its original Fox/Neal Order and directed plaintiff to respond to the fifth motion to dismiss by no later than October 1, 2012.  On September 11, 2012, plaintiff moved for a Judgment of Default against defendants Malik J. Tuma, CapitalSource Bank, Vivek V. Gupta, and Wiper Corporation for their alleged failure to respond to the complaint.  ECF No. 17.  On October 2, 2012, plaintiff filed a motion to change venue.  ECF No. 22.  These motions are now ripe for the Court's decision.

## II. STANDARD OF REVIEW

An action will be dismissed where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Although detailed factual allegations are not required, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555-57). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556); *see also Voinche v. Obama*, 744 F. Supp. 2d 165, 170-71 (D.D.C. 2010).

A *pro se* plaintiff's complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Koch v. Schapiro*, 699 F. Supp. 2d 3, 7 (D.D.C. 2010). But even a *pro se* complaint "must plead factual matter that permits the court to infer more

than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal citations and quotation marks omitted). Moreover, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Even with the liberality afforded pro se complaints, the district court "need not accept inferences unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual allegations." *Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008) (quotation marks omitted).

## III. DISCUSSION

### A. Motion to Dismiss Claims Against Harker and HMTR1

The claims against defendants Stephem Harker and HMTR1 appear to allege only that HTMR1 filed an action to foreclose a right of redemption on a tax lien certificate. Plaintiff alleges that the tax lien certificate was mailed to the wrong address. Plaintiff further contends that the certificate of sale is void because it omitted plaintiff's name. Plaintiff argues that Harker and HMTR1 have thus committed mail fraud in violation of 18 U.S.C. § 1341, and "other fraud offenses." Compl. ¶ 104.

On July 25, 2012, Harker and HTMR1 moved to dismiss. ECF No. 2. Harker and HMTR1 argue that the complaint fails to state a claim because plaintiff has asserted no cognizable cause of

action against Harker and HMTR1.  Defendants also allege that, to the extent plaintiff seeks to bring claims under the federal mail fraud statutes, those statutes provide no private right of action.  ECF No. 2 at 3 (citing *Ivey v. Nat'l Treasury Employees Union*, 2007 U.S. Dist. LEXIS 21794 (D.D.C. Mar. 27, 2007)). Harker and HTMR1 further argue that to the extent that plaintiff alleges "other fraud," he has failed to allege it with the requisite particularity required by Federal Rule of Civil Procedure 9(b).  Finally, defendants argue that to the extent plaintiff appears to allege that a notice of foreclosure was sent to the wrong address in his prior action, he received actual notice as indicated in the Superior Court action. Defendants further argue that plaintiff's efforts to seek redress against defendants for errors in a tax certificate are misplaced because the District of Columbia issues tax certificates and defendants were in no way involved in its creation or issuance.  ECF No. 2 at 5 (citing D.C. Code § 47-1348).

In response, plaintiff alleges that the certificate of sale was fraudulent, without providing further detail.  Plaintiff further alleges that because defendants Harker and HMTR1 have alleged that plaintiff has no private right of action, Harker and HTMR1 have conceded that the committed wrongdoing.  Finally, plaintiff alleges that Harker and HMTR1 filed legal papers in an

6

effort to embezzle money from plaintiff and that they tried to collect over three thousand dollars from plaintiff.

The Court agrees with defendants Harker and HMTR1 that plaintiff has failed to state a claim against them. Even construing plaintiff's *pro se* complaint liberally, as the Court is required to do, the Court finds that plaintiff's allegations establish nothing more than defendants' involvement in a prior lawsuit. Accordingly, the Court finds that the fail to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Furthermore, plaintiff cannot bring a private right of action against defendants for any violations of the mail fraud statutes, even if those claims had been properly pled. *See Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005) (holding that criminal statutes create no private right of action); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (plaintiff precluded from asserting claims under criminal statutes because they did not convey a private right of action). Accordingly, the Court will **DISMISS** all claims against Harker and HMTR1 for failure to state a claim under Rule 12(b)(6).

   **B. Motion to Dismiss Claims against Attorney General of District of Columbia, Mayor of District of Columbia, and Superior Court Judges**

On July 27, 2012, a second motion to dismiss was filed by Magistrate Judge Joseph Beshouri, Judge Stephanie Duncan-Peters,

7

Judge Melvin R. Wright (the "Judicial Defendants"), the Mayor of the District of Columbia, and the Office of the Attorney General for the District of Columbia. ECF No. 5. The claims against these defendants fall into three general categories. Plaintiff alleges that the Judicial Defendants, who were involved at various stages of his tax proceeding, were biased against him and harmed him. He does not allege any wrongdoing that is outside of the Judicial Defendants' roles as judges. For example, plaintiff alleges that Magistrate Judge Beshouri "continues to assist Wiper Corporation not only to the extend the time of these hearings but to drag these hearings [sic], trying to help Wiper Corporation throughout these hearings . . . ." Compl. ¶ 19. Plaintiff further alleges that Magistrate Judge Beshouri and Judge Duncan-Peters "willfully" mailed out false orders. Compl. ¶ 37. Finally, plaintiff alleges that Judge Wright ignored plaintiff's arguments. Compl. ¶ 39.

With respect to the Office of the Mayor, plaintiff alleges that "the past two mayors—Williams and Fenty have led this City through the Office of Tax and Revenue with no accountability." Compl. ¶ 108. He further alleges that the Mayor and the City council "have formed a terror group to terrorize the City of the District of Columbia" and has committed fraud by filing "false documents and used their office to steal from citizens of the District of Columbia." Compl. ¶¶ 111-12.

With respect to the Office of the Attorney General, plaintiff makes very few allegations.  Plaintiff appears to allege that the Office of the Attorney General took part in a conspiracy with the Judicial Defendants and counsel for CapitalSource Bank to defraud plaintiff.  Compl. ¶ 36.  No specific allegations regarding this conspiracy are made in the complaint.

In the motion to dismiss, the Office of the Attorney General argues that it cannot be sued as a separate entity and that plaintiff has set forth no statutory authority suggesting otherwise.  ECF No. 5 at 5 (citing *Braxton v. National Capitol Housing Auth.*, 396 A.2d 215, 216 (D.C. 1978)).  The Mayor of the District of Columbia alleges that plaintiff has failed to state a claim against him because plaintiff has only alleged the mayor's involvement in an undefined conspiracy.  *Id*. at 5.  Finally, the Judicial Defendants argue that they are entitled to absolute judicial immunity.  *Id*. at 6 (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

In response, plaintiff only disputes the defense of judicial immunity by arguing that the defendants' grounds for dismissal are "only based on their job titles."  ECF No. 16 at 2.  Plaintiff does not respond to any other specific argument made by defendants in their motion to dismiss.  Specifically, plaintiff does not address the Mayor of the District of

9

Columbia's argument that plaintiff has failed to state a claim with respect to allegations against him. Accordingly, the Court will dismiss as conceded plaintiff's claims against the Mayor. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raise by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1987)).

The Court also finds that the claims against the Office of the Attorney General and the Judicial Defendants should be dismissed. Plaintiff has failed to materially dispute defendants' arguments that the Office of the Attorney General cannot be sued and that the Judicial Defendants have judicial immunity. Accordingly, the arguments can be deemed conceded. *See Hopkins,* 284 F. Supp. 2d at 25. Moreover, the Court finds that defendants are correct on both points. *See Braxton*, 396 A.2d 215, 216 ("[B]odies within the District of Columbia government are not suable as separate entities."); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (stating that few doctrines were more solidly established at common law than the "immunity of judges from liability for damages for acts committed within their judicial discretion"). Plaintiff has offered no argument

to challenge the arguments made by the Office of the Attorney General or the Judicial Defendants on these points. Accordingly, plaintiff's claims against the Office of the Attorney General, the Judicial Defendants, and the Mayor of the District of Columbia shall be **DISMISSED**.

   **C. Motion to Dismiss Claims Against defendants Gupta and Wiper Corporation**

Plaintiff appears to make several allegations against defendants Vivek V. Gupta and Wiper Corporation.  Plaintiff alleges that Wiper Corporation filed a complaint for a tax lien against plaintiff in 2009 and that notice was not properly served in that case.  Plaintiff alleges other alleged violations of procedural rules by Wiper Corporation.  With respect to the improperly served documents, plaintiff contends that Wiper Corporation has committed perjury by claiming that the documents were properly served.  Plaintiff also alleges that Gupta, Wiper Corporation's CEO, mailed documents relating to that case to plaintiff without properly addressing them to plaintiff. Plaintiff's allegations against Wiper Corporation and Gupta relate in their entirety to the tax proceeding in Superior Court.

On August 27, 2012, defendants Gupta and Wiper Corporation moved for leave to file a motion to dismiss, which the Court granted.  ECF Nos. 7, 9.  Defendants Gupta and Wiper Corporation

argue that plaintiff has failed to state a cognizable cause of action against them, that there is no private right of action under the mail fraud statutes or for perjury, and that plaintiff's other fraud claims have not been pled with particularity.

In response to Gupta and Wiper Corporation's motion to dismiss, plaintiff contends that the Court should disregard the motion it was not timely filed and plaintiff filed a motion for default judgment. The Court, however, granted Gupta and Wiper Corporation additional time to file their motion, and thus the argument fails.[1] Plaintiff's only other response to defendants' arguments is to contend that they have admitted that they committed perjury and mail fraud but that defendants fall back on the excuse that there is no private right of action for either claim. Plaintiff is incorrect, of course, that defendants have made any such admissions in arguing that there is no private right of action. Furthermore, for the reasons stated above, the Court finds that plaintiff's claim regarding mail fraud against Gupta and Wiper Corporation fail because no private right of action exists for violations of criminal statutes. The Court also finds that plaintiff's other allegations of general wrongdoing have also failed to state a

---

[1] Accordingly, the Court will also **DENY** plaintiff's September 11, 2012 motion for default judgment.

claim plausible claim for relief against either Wiper Corporation or Gupta. *See Iqbal*, 556 U.S. at 679. Accordingly, the Court will **DISMISS** all claims against those defendants.

### D. Motion to Dismiss Claims Against Defendant Vladimir Jadrijevic

On August 30, 2012, defendant Vladimir Jadrijevic filed a motion to dismiss for insufficient service of process. ECF No. 10. Jadrijevic alleges that the affidavit of service filed by plaintiff that indicates Jadrijevic was served on July 12, 2012 is incorrect. Specifically, Jadrijevic argues that plaintiff incorrectly attempted to serve him by certified mail, but that the accompanying "green card" indicates that the complaint was not signed by anyone at Jadrijevic's business address. He argues, therefore, that plaintiff cannot establish that the complaint was received by defendant or someone authorized to accept service on his behalf, as required by Federal Rule of Civil Procedure 4(e) or its counterpart in the District of Columbia Superior Court Rules.

Although plaintiff was notified of his obligation to respond to Jadrijevic's motion to dismiss, plaintiff failed to do so. Accordingly, the Court finds that plaintiff has conceded Jadrijevic's arguments regarding service of process, *see*

*Hopkins,* 284 F. Supp. 2d at 25, and all claims against Jadrijevic are hereby **DISMISSED**.

### E. Motion to Dismiss Claims Against Defendants CapitalSource Bank and Tuma

On September 4, 2012, defendants CapitalSource Bank and Malik J. Tuma filed a motion to dismiss. ECF No. 14. Defendants CapitalSource and Tuma allege that plaintiff has failed to state a claim against them. Specifically, defendants argue that plaintiff has made only vague allegations of a conspiracy with no factual basis. Defendants also argue that plaintiff cannot state a private cause of action for perjury or other alleged criminal acts.[2]

For the reasons stated above, the Court agrees that plaintiff cannot bring a private right of action for perjury or other criminal acts. The Court also finds that plaintiff has failed to state a claim against either defendant. Plaintiff's allegations seem to stem entirely from his dissatisfaction with the sale of his property as a result of the District of Columbia tax statute. His allegations against the defendants merely allege their participation in those proceedings and do not state a cause of action. For example, plaintiff alleges that CapitalSource Bank and Tuma were in a conspiracy with the

---

[2] Defendant CapitalSource Bank also moved with partial consent from everyone except the plaintiff to change its name in the caption to Aeon Bank. Because the claims against CapitalSource Bank are being dismissed, however, the request is moot.

14

Judicial Defendants and the District of Columbia to harm plaintiff and "commit a crime." Compl. ¶ 36. Plaintiff also alleges that "CapitalSource Bank, through its attorney Malik J. Tuma, willfully lied" in the tax proceeding regarding its service of certain documents on plaintiff. Compl. ¶ 123. Although plaintiff claims he was harmed by those actions, his allegations with respect to each specific defendant are the "unadorned defendant-harmed-me" type of allegations that are insufficient to withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court will grant CapitalSource Bank and Tuma's motion to dismiss. Plaintiff's claims against those defendants are hereby **DISMISSED**.

## IV. CONCLUSION

For all of the foregoing reasons, defendants' motions to dismiss are hereby **GRANTED**.[3] An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            February 20, 2013**

---

[3] Because this Memorandum Opinion and accompanying Order dismiss plaintiff's case, plaintiff's October 2, 2012 motion to change venue will be **DENIED** as moot.

15